# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DALE GIBSON,<br>Plaintiff | Case No. 1:12-cv-623 |
| vs | Weber, J.<br>Litkovitz, M.J. |
| COMMISSIONER OF SOCIAL<br>SECURITY, et al.,<br>Defendants | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Mayo Correctional Institution in Mayo, Florida, initiated the instant action on August 17, 2012, when he filed a *pro se* civil complaint without paying the filing fee or submitting an *in forma pauperis* application. (Doc. 1). On August 22, 2012, the Court issued a Deficiency Order requiring plaintiff to pay the full filing fee of $350 or submit an application and affidavit for leave to proceed *in forma pauperis* within thirty (30) days of the date of the order. (Doc. 5). Plaintiff was also ordered to submit a summons form and United States Marshal form for each defendant named in the lawsuit, as well as two additional copies of the complaint, within the requisite thirty-day period. (*Id.*).

It appears from the docket record that plaintiff has complied with the Deficiency Order to the extent that he has submitted the proper summons and United States Marshal forms and additional copies of the complaint for service purposes. However, although plaintiff has filed a response rejecting the Deficiency Order as "unlawful" and challenging the undersigned's authority to issue that order (*see* Doc. 7), he has not complied with the Deficiency Order to the extent that he has neither paid the full filing fee nor submitted an *in forma pauperis* application, which are necessary to commence this action, within the requisite thirty-day period.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, dismissal is appropriate.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/25/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER DALE GIBSON,
    Plaintiff

vs

COMMISSIONER OF SOCIAL
SECURITY, et al.,
    Defendants.

Case No. 1:12-cv-623

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

cbc

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Christopher Dale Gibson<br>DC#C-002714 E2 11 1L<br>Mayo Corr. Institution<br>8784 U.S. Highway 27 West<br>Mayo, FL 32066 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8389 9333 |
| PS Form 3811, February 2004 | Domestic Return Receipt      102595-02-M-1540 |